BRUCE C. YOUNG, ESQ., Bar # 5560
SANDRA KETNER, ESQ., Bar # 8527
LITTLER MENDELSON
50 West Liberty Street
Suite 400
Reno, NV 89501-1944
Telephone: 775.348.4888
Fax No.: 775.786.0127

Attorneys for Defendant
REGENT CARE OPERATIONS, L.P.
dba REGENT CARE CENTER OF RENO

JEFFREY A. DICKERSON, ESQ., Bar #2690
9585 Prototype Court
Suite A
Reno, NV 89521
Telephone: 775.786.6664
Fax No.: 775.786.7466

Attorney for Plaintiff
Janet Hanifan

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANET HANIFAN,<br><br>    Plaintiff,<br><br>vs.<br><br>REGENT CARE OPERATIONS, L.P. dba REGENT CARE CENTER OF RENO,<br><br>    Defendant. | Case No. 3:10-cv-00559-ECR-VPC<br><br>**PROPOSED STIPULATED PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, particularly the protected health information (including testimony, medical and psychological records) of residents of Defendant's which are relevant to this action, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade

LITTLER MENDELSON
ATTORNEYS AT LAW
50 W. Liberty Street
Suite 400
Reno, NV 89501-1944
775.348.4888

secrets, protected health information or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. The parties hereby stipulate that protected health information is deemed Confidential Information and subject to the protections in this Stipulated Protective Order regardless of whether the procedure outlined above for identifying such documents as confidential is followed. Documents including protected health information shall be redacted as follows: 1) there shall be no references to residents by their full name; 2) residents shall be referred to by their initials.

2. A party or non-party may designate information disclosed during a deposition or in response to a written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses to be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified with the specified designation. The parties hereby stipulate that protected health information disclosed during the course of a deposition is deemed Confidential Information and subject to the protections in this Stipulated Protective Order regardless of whether the procedure outlined above for identifying such documents as confidential is followed.

2.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual defendants, class representatives, any officer or employee of a party, to the extend deemed necessary by Counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert, the party shall notify the opposing party, or designating nonparty, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

(g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1  or has been given notice that Confidential Information shall be designated "Confidential"
2  pursuant to paragraph 2 above.  Witnesses shown Confidential Information shall not be
3  allowed to retain copies.

4      5.    Any persons receiving Confidential Information shall not reveal or discuss
5  such information to or with any person who is not entitled to receive such information,
6  except as set forth herein.

7      6.    No party or non-party shall file or submit for filing as part of the court record
8  any documents under seal without first obtaining leave of court.  The parties stipulate that
9  any documents or deposition transcripts which include, disclose or discuss protected health
10 information may be filed by either party under seal.  The Court hereby grants leave to the
11 parties to file any court documents containing protected health information under seal
12 without further order by the Court.

13     7.    A party may designate as "Confidential" documents or discovery materials
14 produced by a non-party by providing written notice to all parties of the relevant document
15 numbers or other identification within thirty (30) days after receiving such documents or
16 discovery materials.  Any party or non-party may voluntarily disclose to others without
17 restriction any information designated by that party or non-party as confidential, although
18 a document may lose its confidential status if it is made public.

19     8.    If a party contends that any material is not entitled to confidential treatment,
20 such party may at any time give written notice to the party or non-party who designated
21 the material.  The party or non-party who designated the material shall have twenty-five
22 (25) days from the receipt of such written notice to apply to the Court for an order
23 designating the material as confidential.  The party or non-party seeking the order has the
24 burden of establishing that the document is entitled to protection.

25     9.    Notwithstanding any challenge to the designation of material as Confidential
26 Information, all documents shall be treated as such and shall be subject to the provisions
27 hereof unless and until one of the following occurs:
28 ///

LITTLER MENDELSON
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4.

      (a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

      (b) the party or non-party claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

      (c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The Court will make further orders pertaining to the use of protected health information to be used at trial which protect the residents' privacy rights.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. Any witnesses or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

///

///

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

# CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in Hanifan v. Regent Care Operations, L.P., Case No.: 3:10-cv-00559-ECR-VPC. I have been given a copy of that order and read it. I agree to be bound by the order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United State District Court for the purpose of enforcing the Protective order.

Dated: November 11, 2010                Dated: November 11, 2010


/s/ _____              /s/ _____
BRUCE C. YOUNG, ESQ.                    JEFFREY A. DICKERSON, ESQ.
SANDRA KETNER, ESQ.
LITTLER MENDELSON

Attorneys for Defendant                 Attorney for Plaintiff

REGENT CARE OPERATIONS, L.P.            JANET HANIFAN
dba REGENT CARE CENTER OF RENO


IT IS SO ORDERED this ___15th___ day of ___November___, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

Firmwide:97795238.1 052007.1004

6.